IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

ESTATE OF DOUGLAS KILBURN
CHERYL KILBURN, CO-EXECUTOR AND
TYLER LEBEAU, CO-EXECUTOR

PLAINTIFFS

Vs.

CITY OF BURLINGTON, VERMONT;

BRANDON DEL POZO,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS CHIEF OF POLICE FOR
THE CITY OF BURLINGTON, VERMONT;

CORY CAMPBELL,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS A POLICE OFFICER FOR
THE CITY OF BURLINGTON, VERMONT;

MIRO WEINBERGER,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS A POLICE OFFICER FOR
THE CITY OF BURLINGTON, VERMONT;

DEFENDANTS

Civil Action
No.    2:20-cv-193-jmc

**JURY TRIAL DEMANDED**

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

BY

DEPUTY CLERK

**COMPLAINT**
I. JURISDICTION

1.      Jurisdiction of this court is attained pursuant to 28 U.S.C. § 1331, 1343(a), (3) and (4),

and 2201 and is based on causes of action arising under 42 U.S.C. § 1983 and Bivens v. Six

Unknown Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed. 2d 619 (1971). Plaintiff further

invokes the pendent jurisdiction of the Court to hear and decide claims arising under Vermont state law.

## II. PARTIES

2.      Plaintiff ESTATE OF DOUGLAS KILBURN (hereinafter "KILBURN") is an estate established in the State of Vermont.

3.      Decedent KILBURN was at all times mentioned herein, a resident of the State of Vermont.

4.      Plaintiff, CHERYL KILBURN (hereinafter "CHERYL") is KILBURN'S wife and is a resident of the State of Vermont.

5.      Plaintiff, TYLER LEBEAU (hereinafter "TYLER"), is KILBURN'S step-son and is a resident of the State of Vermont .

6.      Both CHERYL AND TYLER were appointed as co-executors of the estate of KILBURN by the Chittenden County Probate Court on or about October 15, 2020.

7.      Defendant CITY OF BURLINGTON is a municipality within the State of Vermont and owns, operates, manages, directs and controls the Burlington Police Department which employs Defendant CORY CAMPBELL (hereinafter "CAMPBELL").

8.      Defendant CAMPBELL is, and was at all times mentioned herein, an officer of the City of Burlington Police Department and acting under color of state law. He participated in the events described below. He is being sued in his individual and official capacities.

9.      Defendant BRANDON DEL POZO (hereinafter "DEL POZO")  was at all times mentioned herein, the chief of police of the Burlington Police Department and acting under color of state law. DEL POZO is ultimately responsible for the control, training, supervision and

2

discipline of officers of the Burlington Police Department. He is being sued in his individual and official capacities.

10.     Defendant MIRO WEINBERGER (hereinafter "WEINBERGER") is, and was at all times mentioned herein, the elected mayor of the City of Burlington and acting under color of state law. WEINBERGER is being sued in his individual and official capacities.

### III. NATURE OF ACTION

11.     This action is brought by KILBURN to recover damages which he has suffered as a result of certain actions of defendants, who are a municipality, its police department, a local police officer, the former chief of police, and the mayor. Defendants acting under color of state law have subjected KILBURN to an illegal and unwarranted detention and to the unlawful, unreasonable and excessive use of force which ultimately resulted in his unjustified death.

### IV. PLAINTIFF KILBURN'S FIRST CAUSE OF ACTION

12.     On March 11th, 2019 Plaintiff KILBURN was attempting to visit his wife, Cheryl Kilburn, at the University of Vermont Medical Center.

13.     CAMPBELL responded to a report at the hospital that KILBURN was allegedly acting irate while attempting to visit his wife.

14.     CAMPBELL arrived and interacted with KILBURN. During this interaction, KILBURN voiced that he was being prevented from seeing his wife. KILBURN was calm during his first interaction with CAMPBELL.

15.     Bodycam footage shows KILBURN inside his vehicle waiting to see his wife, and voicing his frustration with being prevented from doing so. CAMPBELL then escorted him to see his wife. CAMPBELL left shortly thereafter to respond to another call.

16.     A second report was made that KILBURN was acting irate in the ambulance bay of the hospital. CAMPBELL responded a second time.

17.     Bodycam footage shows KILBURN stating, "You don't need to trespass me, I'm leaving," as he's sitting in his car.

18.     CAMPBELL responded to KILBURN by stating goodbye twice, and then shouts "Shut the fuck up and leave."

19.     CAMPBELL's verbal escalation caused KILBURN to stop his vehicle and verbally engage CAMPBELL.

20.     KILBURN began to exit his vehicle but his left shoulder became stuck in the seatbelt.

21.     As KILBURN was trying to exit his vehicle CAMPBELL attempted to close the door on him and then grabbed KILBURN by the shoulder.

22.     As a result of CAMPBELL'S action, some contact occurred between him and KILBURN as KILBURN tried to exit the vehicle.

23.     CAMPBELL then struck KILBURN in the face multiple times until he fell onto the ground. While KILBURN was on the ground, CAMPBELL stated that KILBURN had punched him, KILBURN denied intentionally doing so. KILBURN is then placed into handcuffs.

24.     CAMPBELL was at all times mentioned herein a Law Enforcement Officer employed by the Burlington Police Department.

25.     CAMPBELL is a party in another excessive force lawsuit that occurred several months prior to the instant matter (Meli v. City of Burlington et al).

26.     CAMPBELL's use of force was completely without cause or justification. Further, CAMPBELL'S use of profanity unnecessarily escalated a tense situation, even though KILBURN stated he was leaving while he was seated in his vehicle.

27.     After being punched, KILBURN showed symptoms of a serious head injury as seen on the bodycam footage from the blood that was coming out of lacerations on his face and from within his eye.

28.     As KILBURN was prepared to enter the hospital to be screened for injuries, CAMPBELL continued to show complete indifference to the health and well-being of KILBURN by telling him again to "Shut up," and ordered KILBURN to stand up despite KILBURN'S protests that he was in substantial pain.

29.     KILBURN was treated for skull fractures at the hospital and was released.

30.      KILBURN died as a result of his injuries three days later at his home.

31.     An autopsy conducted by the State medical examiner found that KILBURN'S manner of death was homicide.

32.     After the autopsy report was completed, Defendants DEL POZO and WEINBERGER both attempted to interfere with the findings made by the medical examiner. In an email sent to the examiner, both Defendants state that they don't believe the findings that KILBURN died as a result of homicide meet their standards. However, the standards for determining a death to be a homicide use a different set of standards than what DEL POZO and WEINBERGER described.

33.     Defendants DEL POZO and WEINBERGER's attempts to interfere with an autopsy report are indicative of their intent to obfuscate and tamper with an active investigation into the death of KILBURN.

34.     CAMPBELL's intentional use of excessive force and physical brutality on KILBURN constituted an illegal and unreasonable seizure of KILBURN, and also resulted in his unjustified death.

35.     At no time did KILBURN commit any crime in violation of any local, state or federal law for which an arrest could lawfully have been made.

36.     At no time did KILBURN harass, threaten or resist a lawful arrest in any way, commit any illegal acts, or engage in any conduct which in any way justified the acts of CAMPBELL.

37.     At no time did KILBURN intentionally threaten to physically assault CAMPBELL or any other person present.

38.     As a direct and proximate result of the actions of Defendant CAMPBELL, DEL POZO, and the CITY OF BURLINGTON, Plaintiff KILBURN has suffered injuries, death, and damages, including, but not limited to:

      a.  Physical injury, treatment of which caused Plaintiff KILBURN to incur medical and therapeutic fees and expenses, and associated incidental and consequential costs;

      b.  Emotional trauma;

      c.  Physical and mental pain and suffering that lingered for three days before his death;

      d.  Disruption of normal body functioning;

      e.  Humiliation and embarrassment;

      f.  Death.

39.     Defendant CITY OF BURLINGTON, as a matter of policy and practice, has, with deliberate indifference to well-established constitutional and civil rights of citizens of the United States and State of Vermont failed to adequately discipline, train, or otherwise direct or supervise police officers concerning the rights of citizens and victims, thereby causing police, including Defendant CAMPBELL to engage in the unlawful conduct described above.

40.     Defendant CITY OF BURLINGTON, as a matter of policy and practice, has, with deliberate indifference to well-established constitutional and civil rights of citizens of the United States and State of Vermont, failed to properly sanction or discipline police officers, including Defendant CAMPBELL in this case, for violations of the constitutional rights of citizens and persons, thereby causing police, including Defendant CAMPBELL to engage in the unlawful conduct set forth herein.

41.     Defendant CITY OF BURLINGTON, as a matter of policy and practice, has, with deliberate indifference to well-established constitutional and civil rights of citizens of the United States and State of Vermont, failed to sanction and discipline police officers, including the Defendant CAMPBELL in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens and persons by other police officers, thereby causing police, including the Defendant CAMPBELL , to engage in the unlawful conduct set forth herein.

42.     Defendants DEL POZO and WEINBERGER have with deliberate indifference to well-established constitutional and civil rights of citizens of the United States and State of Vermont, failed to adequately control, train, supervise and discipline police officers under his command, including Defendant CAMPBELL for violations of the constitutional rights of citizens and persons, thereby causing police, including Defendant CAMPBELL to engage in unlawful conduct.

43.     As a direct and proximate result of Defendants CAMPBELL, DEL POZO, WEINBERGER, and the CITY OF BURLINGTON actions, referenced above, all of which were unreasonable, unnecessary, and excessive, and which were undertaken by Defendant CAMPBELL, DEL POZO, WEINBERGER, and the CITY OF BURLINGTON with gross recklessness and callous indifference to Plaintiff KILBURN's protected constitutional rights,

privileges and immunities secured to him by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983 and the laws of the State of Vermont, in particular the right to be free from unlawful seizure.

## V. PLAINTIFFS SECOND CAUSE OF ACTION

44.     Plaintiffs hereby realleges and incorporates by reference all prior allegations, as though fully set forth here.

45.     The actions of Defendant CAMPBELL in this case constitute an assault against KILBURN when CAMPBELL repeatedly punched KILBURN in his face, causing him serious bodily injury which ultimately led to his death without cause or justification.

46.     This Court has pendent jurisdiction to hear and adjudicate said claims.

## VI. PLAINTIFF''S THIRD CAUSE OF ACTION

47.     KILBURN hereby realleges and incorporates by reference all prior allegations, as though fully set forth here.

48.     The actions of Defendant CAMPBELL in this case constitute a battery against KILBURN by causing unwanted physical contact with KILBURN when he punched KILBURN three times in the right without cause or justification.

49.     This Court has pendent jurisdiction to hear and adjudicate said claims.

## VII. PLAINTIFF'S FOURTH CAUSE OF ACTION

50.     KILBURN hereby realleges and incorporates by reference all prior allegations, as though fully set forth here.

51.     The actions of Defendant CAMPBELL in this case, specifically, punching KILBURN three times in his face without cause or justification, constitutes intentional infliction of

emotional distress. Defendant CAMPBELL's actions were intentional, extreme and outrageous, and were both the actual and proximate cause of severe emotional distress suffered by Plaintiffs.

52.     This Court has pendent jurisdiction to hear and adjudicate said claims.

### VIII. PLAINTIFFS' FIFTH CAUSE OF ACTION

53.     Plaintiffs hereby reallege and incorporate by reference all prior allegations, as though fully set forth here.

54.     The actions of Defendant CAMPBELL in this case, specifically, repeatedly punching KILBURN in his face without cause or justification, constitutes gross negligence. Defendant CAMPBELL, as a police officer acting under color of state law, owed KILBURN a duty of care as a citizen who was not only suffering from disabilities, but was also in a distressed state of mind because of his wife's hospitalization. Additionally, Defendant CAMPBELL swearing and escalating a tense situation, in order to provide himself license to assault KILBURN, shows a significant lapse of judgment and due care. Defendant CAMPBELL punching KILBURN without justification, which resulted in physical injury, pain and suffering, as well as mental and emotional trauma, pain and suffering, and death, to KILBURN, is a gross and reckless breach of his duty of care and the actual and proximate cause of damages suffered by Plaintiffs.

55.     This Court has pendent jurisdiction to hear and adjudicate said claims.

### IX. PLAINTIFFS' SIXTH CAUSE OF ACTION

56.     Plaintiffs hereby reallege and incorporate by reference all prior allegations, as though fully set forth here.

57.     Defendants CITY OF BURLINGTON and DEL POZO have negligently failed to control, train, supervise and discipline police officers under its and his command, including defendant CAMPBELL, regarding knowledge, recognition, and respect of, and for violations of, the

constitutional rights of citizens and persons, thereby causing police, including CAMPBELL in this case, to engage in the unlawful conduct complained of herein.

58.    Defendants failure to control and train its police officers, including CAMPBELL are a proximate cause of the damages suffered by Plaintiffs.

59.    This Court has pendent jurisdiction to hear and adjudicate said claims.

## X. PLAINTIFFS' SEVENTH CAUSE OF ACTION

60.    Plaintiffs hereby reallege and incorporate by reference all prior allegations, as though fully set forth here.

61.    Defendants WEINBERGER and DEL POZO attempted to alter the findings of the chief medical examiner in an attempt to obfuscate and tamper with evidence and skew the findings that would be made available to the public.

62.    Defendants WEINBERGER and DEL POZO did so knowingly in an attempt to conceal the wrongful conduct of Defendant CAMPBELL.

63.    Defendant WEINBERGER and DEL POZO'S conduct in attempting to alter or conceal material facts involving the death of KILBURN were intentional and malicious and were the proximate cause of severe emotional harm suffered by Plaintiffs.

64.    This Court has pendent jurisdiction to hear and adjudicate said claims.

## PLAINTIFFS' EIGHTH CAUSE OF ACTION

62.    The wrongful death of KILBURN as a result of the acts of Defendants have caused severe emotional distress, financial loss, and the loss of love and companionship for CHERYL and TYLER.

63.    The damages suffered by Plaintiffs are a direct cause of the wrongful acts of Defendants.

63.    This Court has pendent jurisdiction to hear and adjudicate said claims.

## XIX. PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs request the following relief:

a. Compensatory damages;

b. Punitive damages;

c. Damages for the loss of love, care and companionship;

d. Damages for the loss of consortium;

e. An order of this Court declaring the above actions of Defendants to be illegal and in violation of Plaintiffs' constitutional, statutory and common law rights;

f. Reasonable attorney's fees and costs, pursuant to 42 U.S.C. § 1988 and other applicable authority;

g. Such other and further relief as appears reasonable, necessary, just and appropriate.

Dated at Brattleboro, Vermont, this 18th day of November, 2020.

Respectfully Submitted,
ESTATE OF DOUGLAS KILBURN

EVAN CHADWICK, ESQ.
CHADWICK & SPENSLEY, PLLC
136 High Street
Brattleboro, VT 05301
(802) 257-7161
evan@chadwicklawvt.com

ROBB SPENSLEY, ESQ.
CHADWICK & SPENSLEY PLLC
7272 US Route 7
Pittsford, VT 05763
(802)-725-8318
robb@chadwick@spensley.com