IN THE UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| ESTATE OF DOUGLAS KILBURN<br>CHERYL KILBURN, CO-EXECUTOR AND<br>TYLER LEBEAU, CO-EXECUTOR,<br>    Plaintiffs,<br><br>        v.<br><br>CITY OF BURLINGTON, VERMONT;<br>BRANDON DEL POZO, IN HIS OFFICIAL<br>CAPACITY AS CHIEF OF POLICE FOR<br>THE CITY OF BURLINGTON, VERMONT;<br>CORY CAMPBELL, INDIVIDUALLY<br>AND IN HIS CAPACITY AS A POLICE<br>OFFICER FOR THE CITY OF BURLINGTON,<br>VERMONT; AND MIRO WEINBERGER,<br>INDIVIDUALLY AND IN HIS OFFICIAL<br>CAPACITY AS A POLICE OFFICER FOR<br>THE CITY OF BURLINGTON,<br>VERMONT,<br>    Defendants. | Civil Action 2:20-cv-00193 |

**ANSWER**

NOW COME the Defendants, The City of Burlington, Vermont ("City of Burlington"), Brandon del Pozo ("del Pozo"), Cory Campbell ("Campbell"), and Miro Weinberger ("Weinberger") and hereby answer Plaintiffs' Complaint in the above-captioned matter as follows.

**I. Jurisdiction**

1. Admitted in part and denied in part. Admitted that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 2201. Denied that this Court has jurisdiction pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). In addition, denied to the extent Plaintiff is attempting to create new causes of action, in violation of *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017).

## II. Parties

2. Without sufficient knowledge and belief, therefore denied.

3. Admitted.

4. Admitted.

5. Admitted.

6. Without sufficient knowledge and belief, therefore denied.

7. Admitted except to the extent this allegation suggests that the Defendant City of Burlington may be held responsible under a theory of *respondeat superior* or that the City of Burlington violated *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

8. Admitted except to the extent that the allegation suggests that Defendant Campbell violated any clearly established law.

9. Admitted except to the extent this allegation suggests that Defendant del Pozo may be held responsible under a theory of *respondeat superior* or that he failed to adequately control, train, supervise and discipline his officers.

10. Admitted (while noting Defendant Weinberger is misidentified in the case caption) except to the extent this allegation suggests that the Defendant Weinberger may be held responsible under a theory of *respondeat superior* to the extent that the allegation suggests that Defendant Weinberger violated any clearly established law.

## III.  Nature of Action

11. Denied.

## IV.  Plaintiff Kilburn's First Cause of Action

12. Without sufficient knowledge and belief, therefore denied.

13. Without sufficient knowledge and belief, therefore denied.

14. Without sufficient knowledge and belief, therefore denied.

15. Without sufficient knowledge and belief, therefore denied.

16. Without sufficient knowledge and belief, therefore denied.

17. Without sufficient knowledge and belief, therefore denied.

18. Without sufficient knowledge and belief, therefore denied.

19. Denied.

20. Without sufficient knowledge and belief, therefore denied.

21. Without sufficient knowledge and belief, therefore denied.

22. Without sufficient knowledge and belief, therefore denied.

23. Without sufficient knowledge and belief, therefore denied.

24. Admitted, except to the extent the allegation is suggesting that Defendant Campbell violated clearly established law.

25. Admitted that another lawsuit involving Defendant Campbell and another officer and different plaintiffs was filed against the City of Burlington. Denied to the extent the allegation suggests the lawsuit has any merit, that the officers involved violated any clearly established law, and to the extent the allegation suggests any of the officers involved in either lawsuit harbors racial animus or bias towards black and brown people.

26. Denied.

27. Without sufficient knowledge and belief, therefore denied.

28. Without sufficient knowledge and belief, therefore denied.

29. Without sufficient knowledge and belief, therefore denied.

30. Denied.

31. Without sufficient knowledge and belief, therefore denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

### V.  Plaintiffs' Second Cause of Action

44. Defendants hereby re-answer and incorporate by reference all prior answers, denials, and other responses as though fully set forth herein.

45. Denied.

46. Admit that the Court has supplemental jurisdiction, at its discretion, to hear Plaintiffs' state law claims. Denied to the extent this allegation suggests Plaintiffs have valid state law claims that require adjudication and over which this Court could exercise supplemental jurisdiction.

### VI. Plaintiffs' Third Cause of Action

47. Defendants hereby re-answer and incorporate by reference all prior answers, denials, and other responses as though fully set forth herein.

48. Denied.

49. Admit that the Court has supplemental jurisdiction, at its discretion, to hear Plaintiffs' state law claims. Denied to the extent this allegation suggests Plaintiffs have valid state law claims that require adjudication and over which this Court could exercise supplemental jurisdiction.

### VII.  Plaintiffs' Fourth Cause of Action

50. Defendants hereby re-answer and incorporate by reference all prior answers, denials, and other responses as though fully set forth herein.

51. Denied.

52. Admitted that the Court has supplemental jurisdiction, at its discretion, to hear Plaintiffs' state law claims.  Denied to the extent this allegation suggests Plaintiffs have any valid state law claims that require adjudication and over which this Court could exercise supplemental jurisdiction.

### VIII.  Plaintiffs' Fifth Cause of Action

53. Defendants hereby re-answer and incorporate by reference all prior answers, denials, and other responses as though fully set forth herein.

54. Denied.

55. Admitted that the Court has supplemental jurisdiction, at its discretion, to hear Plaintiffs' state law claims.  Denied to the extent this allegation suggests Plaintiffs have any valid state law claims that require adjudication and over which this Court could exercise supplemental jurisdiction.

### IX.  Plaintiffs' Sixth Cause of Action

56. Defendants hereby re-answer and incorporate by reference all prior answers, denials, and other responses as though fully set forth herein.

57. Denied.

58. Denied.

59. Admitted that the Court has supplemental jurisdiction, at its discretion, to hear Plaintiffs' state law claims.  Denied to the extent this allegation suggests Plaintiffs have any valid state law claims that require adjudication and over which this Court could exercise supplemental jurisdiction.

### X. Plaintiffs' Seventh Cause of Action.

60. Defendants hereby re-answer and incorporate by reference all prior answers, denials, and other responses as though fully set forth herein.

61. Denied.

62. Denied.

63. Denied.

64. Admitted that the Court has supplemental jurisdiction, at its discretion, to hear Plaintiffs' state law claims.  Denied to the extent this allegation suggests Plaintiffs have any valid state law claims that require adjudication and over which this Court could exercise supplemental jurisdiction.

### Plaintiffs' Eighth Cause of Action

62. [sic] Denied.

63. [sic] Denied.

63. [sic] Admitted that the Court has supplemental jurisdiction, at its discretion, to hear Plaintiffs' state law claims. Denied to the extent this allegation suggests Plaintiffs have any valid state law claims that require adjudication and over which this Court could exercise supplemental jurisdiction.

## AFFIRMATIVE DEFENSES

1. Waiver.
2. Estoppel.
3. Failure to State a Claim upon which relief may be granted.
4. Sovereign immunity.
5. Qualified immunity.
6. Official immunity.
7. Privilege.
8. Failure to adequately allege a violation of a clearly established right.
9. Failure to show sufficient evidence of the existence of a reasonable likelihood of success on the merits to warrant declaratory and injunctive relief.
10. That some or all of the acts or omissions complained of by Plaintiffs did not arise as a result of, nor was there any custom, policy, procedure, agreement, or understanding that deprived Plaintiffs of any civil rights.
11. Indemnification.
12. Failure to exhaust administrative remedies.
13. Unavailability of punitive damages.
14. Failure to mitigate.
15. Superseding intervening cause.

16. Defendants reserve the right to add additional affirmative defenses.

## JURY DEMAND

Defendants City of Burlington, Brandon del Pozo, Cory Campbell and Miro Weinberger demand trial by jury.

DATED at Burlington, Vermont, this 1st day of February, 2021.

                                CITY OF BURLINGTON, BRANDON
                                DEL POZO, CORY CAMPBELL AND
                                MIRO WEINBERGER

By:    */s/ Pietro J. Lynn*
        Pietro J. Lynn, Esq.
        Barbara R. Blackman, Esq.
        Lynn, Lynn, Blackman & Manitsky, P.C.
        *Counsel for Defendants*
        76 St. Paul St., Suite 400
        Burlington, VT  05401
        (802) 860-1500
        plynn@lynnlawvt.com
        bblackman@lynnlawvt.com